FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -3  PM 4:54

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELTATECH CONSTRUCTION, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     04-2890** |
| **THE SHERWIN-WILLIAMS COMPANY, ET AL.** | **SECTION: "T" (4)** |

### ORDER AND REASONS

On March 18, 2005, the defendant, The Sherwin-Williams Company, filed a **Motion to Compel Discovery (doc. #7)** seeking an order compelling the plaintiff, Deltatech Construction, LLC, to respond to its Interrogatories and Request for Production of Documents, that were served on January 18, 2005.  A hearing on the motion was set for April 6, 2005.

Because the plaintiff did not file a memorandum in opposition nor request a extension of time within which to oppose the motion, the Court granted the motion as unopposed and ordered the defendant's attorneys to submit the documentation required by Local Rule 54.2 for assessment of fees no later than April 25, 2005, as well as (1) an affidavit attesting to their education, background, skills and experience; and (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation.[1]  The Court further instructed that any opposition to this

---

[1] Rec. Doc. No. 8.

_____ Fee_____
_____ Process_____
__X__ Dktd_____
__✓__ CtRmDep_____
_____ Doc. No _____

award be submitted to the Court by May 2, 2005.[2]  The defendant complied with the Order[3] and no opposition to the award of fees has been filed.  As such, the Court is now ready to determine the amount of fees to be awarded in connection with the motion.

I.      **Background**

The plaintiffs instituted this products liability action against defendants The Sherwin-Williams Company ("Sherwin-Williams"), a retailer, and Duckback Products, Inc. ("Duckback"), a manufacturer and distributor.  The product at issue was a concrete stain which the plaintiffs claim, began to peel from the floor of two new homes where it performed concrete staining and sealing.

According to the plaintiffs, they relied on the representations of Sherwin-Williams's area sales representative, and agreed to use Duckback's and Sherwin-Williams's acrylic based stain.  The plaintiffs contend that they followed the directions on the label.  However, two months later, both property owners contacted the plaintiffs to report that the stain and sealer were peeling from the floors.  The plaintiffs contacted Sherwin-Williams, who attempted to remedy the problem.  However, both homes continued to show peeling in the original areas, as well as new areas.

The plaintiff further contends that Duckback performed an inspection and prepared a report indicating that the floors required a certain rough texture, which often required multiple etchings to achieve such a texture, for stain adherence.  However, the plaintiffs indicate that the label instructions did not indicate that a certain texture or multiple etchings were required, that they were misled by the instructions, and alternatively, that the stain is defective.  The plaintiffs allege that the defendants breached their obligations and acted in bad faith by selling a defective product, and for their failure to reasonably investigate the product for such a defect.  Moreover, the plaintiffs allege that the

---

[2]Id.

[3]See Rec. Doc. No. 11.

homeowners have made amicable demands upon them to remediate the defective flooring, which the

plaintiff contends, the defendants are liable.     Pursuant to discovery in this matter, Sherwin-Williams

propounded Interrogatories and Requests for Production of Documents on January 18, 2005. In March

2005, counsel for Sherwin-Williams attempted to schedule a 37.1 Conference with the plaintiff's

counsel.  However, after leaving two telephone messages and faxing a letter regarding the conference,

the plaintiff's counsel did not respond to these  messages.  As a result, Sherwin-Williams filed a

motion to compel seeking an order compelling the plaintiff's responses to its discovery requests, and

for reasonable expenses incurred in bringing the motion, pursuant to Federal Rule of Civil Procedure

37(a)(4)(A).

## II.    Analysis

### A.    Rule 37

Motions to compel discovery responses are governed by Rule 37 of the Federal Rules of Civil

Procedure.  That rule provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any

other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(2).

Rule 37(a)(4)(A), which governs sanctions under the rule, requires the award of reasonable expenses,

including attorney's fees, unless the motion to compel discovery was unjustified or other circumstances

make the award unjust. *Lischka v Tidewater Services, Inc.,* 1997 WL 27066, at *4 (E.D. La. Jan. 22,

1997).  The rule provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the
> motion was filed, the court shall, after affording an opportunity to be heard, require the
> party or deponent whose conduct necessitated the motion or the party or attorney
> advising such conduct or both of them to pay to the moving party the reasonable
> expenses incurred in making the motion, including attorney's fees, unless the court
> finds that the motion was filed without the movant's first making a good faith effort to
> obtain the disclosure or discovery without court action, or that the opposing party's
> nondisclosure, response, or objection was substantially justified, or that other
> circumstances make an award of expenses unjust.

3

FED. R. CIV. P. 37(a)(4)(A).

The defendant seeks to recover fees and costs in the amount of $560.00 in attorney's fees incurred in bringing the motion to compel. The defendant is represented by Dwight C. Paulsen, III. Paulsen contends that he expended 2.8 hours at an hourly rate of $200.00 in bringing the Motion to Compel.

The plaintiff has not filed any opposition to the itemization of costs submitted by the defendant, the hours expended on bringing the motion, or the hourly rate requested by the defendant.

### B.   Standard

The determination of a reasonable attorney's fee award involves a two-step process. *See Rutherford v. Harris County*, 197 F.3d 173, 192 (5 th Cir.1999). The court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433. This "lodestar" method serves as the initial estimate of a reasonable attorney's fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The second step involves the application of twelve factors the Fifth Circuit applies in determining what amount is warranted. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable

hourly rate, the court may adjust the lodestar upward or downward depending on its analysis of the twelve factors espoused in *Johnson*. *Dodge v Hunt Petroleum Corp.*, 174 F.Supp.2d 505, 508 (N.D. Tex. 2001). Thus, in light of the *Johnson* factors, the Court may reduce the award resulting from the lodestar calculation if the documentation of hours worked is inadequate or if the calculation includes hours that were not "reasonably expended." *See Hensley*, 461 U.S. at 433-34.

### C.   The Lodestar

#### 1.   Reasonable Fee

The party seeking attorney's fees has the burden of establishing the reasonableness of the fees by "submitting evidence supporting the hours worked and the rates claimed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir.1990) (citing *Hensley*, 461 U.S. at 433). Thus, counsel for the defendant "must produce satisfactory evidence--in addition to [his] own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The Court must determine the reasonable number of hours expended in the litigation and the reasonable hourly rate for the participating attorneys. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is then computed by multiplying the number of hours by the reasonable hourly rate. *Id.*

#### 2.   Hourly Rates

Attorneys' fees are to be calculated at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "For the purposes of determining lodestar for attorney fees, relevant 'community' is one in which [the] district court sits regardless of [the] fact that much of the

work must be performed away from district court's community or that high-priced attorneys come into jurisdictions with much lower market rates..." *Donnell v. United States*, 240 F.2d 682 (D.C. Cir. 1982).

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman v Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 896 n.11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley*, 461 U.S. at 439 n. 15.

Evidence of rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breath of the sample of which the expert has knowledge. *Norman*, 836 F.2d at 1299.

### 3.    Affidavit of Dwight C. Paulsen, III

Here, the defendant's counsel contends that his hourly rate is $200.00. As proof of the reasonableness of the rate charged, the defendant provided the affidavit of Dwight C. Paulsen, III, the attorney performing the work, which sets forth his background, education, and experience, as well as his hourly rate.[4]   In the Affidavit, Paulsen attests that he is familiar with the rates routinely charged by other lawyers in the New Orleans area with similar education, background, skills, and experience

---

[4]Rec. Doc. No. 11.

6

and that they are currently charging their clients similar hourly rates.[5]

Paulsen states that he is a 1989 graduate of the Louisiana State University School of Law in Baton Rouge, LA, and has been admitted to the Louisiana bar since 1989. Paulsen states that he is also admitted to the Bar for the United States District Courts, Eastern, Middle and Western Districts of Louisiana since 1989, and for the United States Court of Appeals, Fifth Circuit, since 1990.

He joined the law firm of Lemle & Kelleher, LLP in 1989 and has been a partner of the firm since 1995. He has an active civil litigation practice in the principal areas of products liability, complex toxic torts, occupational exposure and insurance litigation matters. Paulsen is also the co-author of the Louisiana Chapter for the Defense Research Institute's Products Liability Defenses book. Paulsen states that his current hourly rate is $200.00 per hour, which he believes to be a rate routinely charged by other lawyers in the New Orleans area with comparable background and experience.

### 4.    Reasonableness of the Attorney Rate

As an initial matter, the Fifth Circuit has held that "when an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The Court finds the rate requested by Paulsen is *prima facie* reasonable because it is not contested by the plaintiff.

### D.    Reasonable Number of Hours Expended

The party seeking attorneys' fees must present adequately documented time records to the court. *Watkins v Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's

---

[5]Id.

7

fees. *Raspanti v. United States Dept. of the Army*, 2001 WL 1081375, at *6. Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir.1996)). The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker*, 99 F.3d at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended. *Hensley*, 461 U.S. at 434.

Although the plaintiff filed no opposition to the time entries submitted by the defendant, the Court finds that one of the time entries submitted by the defendant is excessive. On March 17, 2005, Paulsen claims to have expended 2.10 hours reviewing the file, drafting and editing the motion to compel, and preparing a letter to the plaintiff's counsel regarding the motion.

The Court notes that the actual motion and supporting memorandum is four pages in length, not complex, and contains minimal legal analysis. Further, according to the time report, Paulsen reviewed the file regarding the outstanding discovery on both March 9th and 17th. Considering Paulsen's skill and experience in products liability matters, the Court finds that 2.1 hours expended by Paulsen on March 17th is excessive for drafting and editing the motion, and duplicative for re-reviewing the file. Therefore, the Court finds it appropriate to reduce the time reported on the March 17th time entry by 1.0 hours.

In summary, the 2.8 hours submitted by the defendant will be reduced by 1.0 hours, for a total of 1.8 hours. Therefore, the lodestar amount of reasonable hours multiplied by the reasonable rates set forth above is generally reasonable in this case. Therefore, Paulsen's reasonable fee is 1.8 hours at an hourly rate of $200.00, for a total of $360.00.

**E.    The *Johnson* Factors**

"The lodestar...is presumptively reasonable", and should be enhanced or reduced only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)). After carefully reviewing the record, the Court finds that the Lodestar amount is reasonable and that no further reduction or enhancement is necessary as no exceptional circumstances exist. In making this recommendation, the Court has considered and applied the factors articulated in *Johnson* as required by the Fifth Circuit.

Accordingly,

**IT IS ORDERED** that the defendant's application for attorney's fees in connection with the **Motion to Compel Discovery (doc. #7)** is **GRANTED**.

**IT IS ALSO ORDERED** that the defendant is entitled to recover for 1.8 hours at an hourly rate of $200.00, **for a total amount of $360.00** in connection with the **Motion to Compel Discovery (doc. #7).**

**IT IS FURTHER ORDERED** that the plaintiff shall submit this amount to the defendant **within 30 days of the signing of this Order.**

Houston, Texas, this _26th_ day of October 2005.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**